```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :    CRIMINAL NO.  10-MJ-0632 (AK)
                            :
       v.                   :
                            :
NATHANIEL ANDERSON          :
          Defendant.        :
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO EXPUNGE CRIMINAL RECORD**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motions to expunge his criminal record in the above captioned case. The record conclusively shows that defendant is not entitled to the equitable relief he seeks and that his criminal record may not be expunged under the controlling case law. Therefore, we ask the Court to deny defendant's motion.

**I.   PROCEDURAL HISTORY**

On November 5, 2010, defendant entered a guilty plea to one count of Receiving Salary or Compensation from Private Party for Services Rendered to the Government before the Honorable Magistrate Judge Alan Kay. Judge Kay sentenced defendant to a thirty-six month term of incarceration and imposed a $25.00 special assessment on March 14, 2012. Defendant's probation was

1

terminated on March 12, 2014. On March 28, 2014, defendant filed a pro se motion to expunge his criminal record.

## II. ARGUMENT

### A. Defendant's Motion To Expunge Criminal Record Should Be Denied

Defendant now files a motion to expunge his criminal record. In support his motion, defendant states that the existence of a criminal record will affect his ability to secure better employment. The Government submits that these grounds do not constitute "extraordinary circumstances" warranting the expungement of his conviction in this case.

In Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979), the D.C. Circuit noted that, even absent a statute authorizing expungement, federal courts have limited power to order expungement only in certain unusual and extraordinary circumstances. In Doe, the court reviewed the expungement case law, and indicated that the power to grant expungement is very narrowly limited:

> [A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.

Id. at 1230.  Moreover, the Court explicitly rejected defendant's argument that he was entitled to expungement of his conviction, noting that "[e]ven individuals who were never convicted are not entitled to expungement of their records as a matter of course, and absent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest, but a valid conviction." Id. at 1231; see also Gov't of V.I. v. Nugent, 2007 WL 1394014 * 1 (V.I. Super. April 2, 2007)("[T]he power of expungement may only 'be exercised after an analysis of the facts and circumstances demonstrate the existence of extreme circumstances.' . . .  Expunction of an official record is not automatically granted for convictions overturned on constitutional grounds, or even for acquittals."); United States v. Noonan, 906 F.2d 952, 956 (3rd Cir. 1990)(presidential pardon is not a sufficient basis for expungement).

Furthermore, it has long been held that "[r]etaining and preserving arrest records serve[s] an important function of promoting effective law enforcement" and preserves the "'compelling public need for an effective and workable criminal identification procedure.'" Gov't of V.I. v. Nugent, 2007 WL 1394014 at * 2 n.2, citing United States v. Schnitzer, 567 F.2d 536, 539 (2nd Cir. 1977)(18 U.S.C. § 534(a) enacted by Congress

3

empowers the Attorney General to acquire, collect, preserve and exchange arrests records which are an essential tool in criminal identification procedures); see also United States v. Salleh, 863 F.Supp. 283, (E.D. Va. 1994)("Retention of criminal records aids in effective law enforcement, a purpose reflected in Congress' requirement that the Attorney General 'acquire, collect, classify, and preserve' criminal records.")  Indeed, as the D.C. Circuit has explicitly noted, "[t]he government . . . ha[s] a legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations. Doe,, 606 F.2d at 1243. Thus, "the Government's interest in maintaining criminal records is presumed, unless a petition seeking expungement can overcome them." Gov't of V.I. v. Richardson, 2004 WL 242886 * 1 (V.I. Super. January 21, 2004).

Applying the above-stated legal principles to this case, it is clear that defendant does not establish, let alone allege, that his arrest and conviction was invalid, or that the expungement was authorized by "specific statutory authority," as he must in order to qualify for expungement of his criminal records.  Doe, 606 F.2d at 1231.  Rather, defendant's circumstances are not extraordinary, and in fact, are the same circumstances faced by every defendant with a criminal record. Courts presented with expungement motions seeking relief on

4

grounds such as those advanced by this defendant have routinely stated that "[c]ollateral employment consequences" resulting from the existence of an arrest or conviction are insufficient to warrant expungement of arrest or conviction records, as are other factors such as the lack of other criminal records or the successful completion of probation. Difficulty in obtaining employment as the result of a arrest is insufficient on its own to justify expungement of defendant's criminal record. See In re Reid, 569 F.Supp.2d 220, 222 (D.D.C. 2008); Fernandez v. United States, 2009 WL 2227140 *2 (E.D.N.Y. 2009)("Where a record is accurate, regardless of the disposition of the case, courts have nearly uniformly rejected adverse employment effects as grounds for expungement."); United States v. Howard, 275 F.Supp.2d 260, 263 (N.D.N.Y. 2003)(proclamation that arrest record renders defendant unable to obtain employment dies not entitle defendant to expungement of his record even when "a significant amount of time has passed since the conviction which the applicant is seeking to expunge" and for "'relatively minor charges'")(citations omitted); Gov't of V.I. v. Richardson, 2004 WL 242886  at * 5 (Court denied stipulated motion to expunge defendant's criminal record, rejecting defendant's claim that his "reputation or career marketability will be adversely affected or compromised by the Government maintaining its records of his arrest"); United

5

States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)(reversing District Courts order granting expungement based on defendant's "otherwise clean background" and the relatively minor nature of his offense, his successful completion of five years' probation); United States v. Lopez, 704 F.Supp. 1055 (S.D. Fla. 1988)(expungement of arrest records for an offense which the government later elected not to pursue was not warranted based on claims of "economic and employment losses").

### III. CONCLUSION

For the reasons set forth above, the government respectfully moves this Court to deny the defendant's motion to expunge his criminal record.

                                          Respectfully submitted,

                                          *Ronald C. Machen, Jr.*
                                          Ronald C. Machen Jr.
                                          D.C. Bar No 447-889
                                          United States Attorney

                                          *Leslie A. Gerardo*
                                          Leslie A. Gerardo
                                          D.C. Bar No. 419-823
                                          Chief, Special Proceedings Division

                                          *Carolyn K. Kolben*
                                          Carolyn K. Kolben
                                          D.C. Bar No. 391-156
                                          Assistant United States Attorney
                                          555 4th Street, N.W.
                                          Washington, DC 20530
                                          (202) 252-7570

Certificate of Service

I hereby certify that a copy of the instant Opposition to Defendant's Pro Se Motion to Expunge Criminal Record and a Copy of the Government's Appearance and Assignment has been mailed to defendant this second day of April, 2014, at the address provided on his pro se Motion to Expunge Criminal Record.

          *Carolyn K.Kolben*
          Carolyn K. Kolben
          Assistant United States Attorney